People v Oviedo-Canales (2023 NY Slip Op 51383(U))

[*1]

People v Oviedo-Canales (Fanny)

2023 NY Slip Op 51383(U)

Decided on December 7, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 7, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TIMOTHY S. DRISCOLL, J.P., JAMES P. McCORMACK, GRETCHEN WALSH, JJ

2021-772 N CR

The People of the State of New York, Respondent,
against
Fanny Oviedo-Canales, Appellant. 

Thomas R. Villecco, for appellant.
Nassau County District Attorney (Cristin N. Connell of counsel), for respondent.

Appeal by defendant, as limited by the brief, from sentences of the District Court of Nassau County, First District (Anthony W. Paradiso, J.), imposed October 20, 2021, upon defendant's convictions, upon her pleas of guilty, of two charges of assault in the third degree.

ORDERED that the sentences are affirmed.
Defendant was charged in two felony complaints and one information with attempted assault in the first degree (Penal Law §§ 110.00, 120.10 [1]), assault in the second degree (Penal Law § 120.05 [2]), and criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]), respectively. The accusatory instruments alleged that, on October 4, 2020, at approximately 11:30 p.m., in front of 400 Fulton Avenue in Hempstead, Nassau County, defendant approached the victim and stabbed him in the chest with a small knife, causing a laceration to the victim's chest, bleeding, swelling, and pain.
Related to a separate incident, defendant was charged in a felony complaint and two informations with strangulation in the second degree (Penal Law § 121.12), assault in the third degree (Penal Law § 120.00 [1]), and endangering the welfare of a child (Penal Law § 260.10 [1]), respectively. The accusatory instruments alleged that, on May 18, 2019, at approximately 1:20 p.m., at 590 Fulton Avenue in Hempstead, Nassau County, defendant, while being verbally abusive, followed the victim and her three minor children into the stairwell of the building, then attacked the victim, punching her in the face, scratching her face, grabbing her by the neck and applying pressure, and smashing her head against a wall, causing injuries including bruises, scratches, and pain. 
Pursuant to a negotiated plea and sentencing agreement, the felony charges were reduced to misdemeanors, defendant pleaded guilty to two charges of assault in the third degree (Penal Law § 120.00 [1]), one related to each incident, in satisfaction of all of the accusatory [*2]instruments and in anticipation of promised sentences of six months' incarceration, to run consecutively. In the course of her plea, the sufficiency of which is not challenged, defendant was informed that her guilty pleas might have consequences for her immigration status, and she indicated that it was her wish, nevertheless, to accept the pleas and sentencing terms. The promised sentences were imposed, which sentences defendant has now served.
On appeal, as limited by her brief, defendant contends that the sentences imposed were excessive and should be reduced because they have potential immigration consequences.
A challenge to a fully served sentence on the ground of excessiveness is not academic where the sentence "has potential immigration consequences" (People v Broderick, 165 AD3d 972, 972 [2018]; see People v Vega, 165 AD3d 984 [2018]; People v Scott, 156 AD3d 913 [2017]; People v Ayala, 142 AD3d 1095, 1095 [2016]). Even assuming that the sentences imposed present adverse immigration consequences to defendant, we decline to reduce the sentences under the circumstances presented (see Vega, 165 AD3d 984; People v Arana, 73 Misc 3d 130[A], 2021 NY Slip Op 50951[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021]; People v Mendez, 64 Misc 3d 139[A], 2019 NY Slip Op 51210[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]).
Accordingly, the sentences are affirmed.
DRISCOLL, J.P., McCORMACK and WALSH, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 7, 2023